(53 Misc. Rep. 529)

### TIRPAK v. HOE et al.

(Supreme Court, Appellate Term. April 10, 1907.)

1. DEPOSITIONS—MOTION TO TAKE—NONRESIDENT WITNESS—AFFIDAVIT—INFORMATION AND BELIEF.

Where an affidavit for the taking of the deposition of a nonresident witness alleges the residence of the witness and his absence from the state on information and belief, the sources of the information and the grounds of the belief must be stated, and a reason given why the affidavit of a person personally familiar with the matter is not produced, and if the affidavit is made by the attorney for the moving party it must show why it is not made by the party.

2. SAME—RESIDENCE OF WITNESS.

Where an affidavit attached to an application for a commission to take the deposition of a nonresident witness without the state averred on knowledge that affiant was personally acquainted with the witness, and that such witness resided in the city of Newark, in the state of New Jersey, and was then in such state, and not in New York, it was sufficient, without an allegation of the street and number where such witness resided.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 51.]

3. SAME—LACHES.

Where an application for a commission to take the deposition of a nonresident witness was made before the cause appeared on the day calendar for trial, and there was nothing to indicate that plaintiff had been prejudiced by defendants' delay in making such application, the application would not be denied because of defendants' laches.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Depositions, § 42.]

Appeal from City Court of New York, Special Term.

Action by Andrew Tirpak against Robert Hoe and another. From an order denying defendants' motion to take the deposition of a witness without the state, they appeal. Reversed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and ERLANGER, JJ.

Edward G. Pringle, for appellants.
Jones & Nekarda, for respondent.

GILDERSLEEVE, P. J. This is an appeal from an order of the City Court denying defendants' motion for a commission to take the deposition of a witness without the state. As the court below wrote no opinion, we presume his reasons for denying the motion are those urged by respondent's counsel in support of the order. Three grounds are stated by the latter in justification of the denial of the motion, as follows: (1) Laches; (2) insufficiency of two of the moving affidavits, because the nonresidence is alleged on information and belief; and (3) insufficiency of the moving affidavits, because no street number is given of the residence of the witness sought to be examined.

None of these grounds is well founded. It is true that, where the allegations of the moving affidavits concerning the residence of the witness and his absence from this state are made upon information and belief, the sources of such information and the grounds of such belief must be stated, and a reason given why the affidavit of a person personally familiar with the matter is not produced; and if the affidavit is made by the attorney for the moving party a reason must be given why such affidavit was not made by the party himself. Fox v. Peacock, 97 App. Div. 501, 90 N. Y. Supp. 137. In the case at bar there are three moving affidavits; the first by the attorney, the second by one of the defendants, and the third by one Bowers. The first two are on information and belief, giving said Bowers as the source of such information. The latter swears he is acquainted with Charles Wening, whose testimony defendants seek to take under a commission, and he states as of his own knowledge that:

"Said Charles Wening now resides in the city of Newark, in the state of New Jersey, and is now in said state, and not within the state of New York."

It is true that he gives neither the number of the house nor the name of the street where the witness resides, but the affidavit used on a motion for a commission to examine a witness who is resident of another state need not set out the exact place of his residence. Dambmann v. Met. St. Ry. Co., 110 App. Div. 166, 97 N. Y. Supp. 91. The facts shown by the moving papers bring this case within section 888 of the Code of Civil Procedure. The testimony of this witness is material and necessary to the defendants. He is not a resident of the state of New York, but resides in Newark, in the state of New Jersey, and he is at present out of the state of New York.

So far as laches are concerned, it is true that defendants have been slow in their procedure in this matter; but the motion was made, apparently, before the cause appeared on the day calendar for trial, and there is nothing to indicate that plaintiff has been prejudiced by the delay.

The order must be reversed, and the motion granted, with $10 costs and disbursements. All concur.